## CONSUMERS' LIGNITE CO. v. HOUSTON & T. C. R. CO. (No. 7339.)

(Court of Civil Appeals of Texas. Dallas. July 3, 1915. Rehearing Denied Oct. 16, 1915.)

1. CARRIERS ⊜20—CARRIAGE OF GOODS—DELAY IN SHIPMENT—STATUTES.

Rev. St. 1911, art. 6670, subd. 1, declares that it shall be an unjust discrimination to subject any traffic to unreasonable delay, while subdivision 2 declares that every railroad which shall fail or refuse to receive and transport without delay cars of any connecting line, or destined to a point over a connecting line, shall be guilty of unjust discrimination. *Held*, that subdivision 2 and not subdivision 1, governs an action for unjust discrimination for delay in the transportation of a car destined to a connecting carrier.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 33–49, 133, 927; Dec. Dig. ⊜20.]

2. CARRIERS ⊜13—UNJUST DISCRIMINATION—RULES OF RAILROAD COMMISSION.

Under Rev. St. 1911, art. 6670, subd. 2, declaring that every railroad company which shall fail or refuse, under such regulations as may be prescribed by the Railroad Commission, to transport freight destined for a connecting carrier, shall be guilty of unjust discrimination, it is contemplated that the Commission shall establish rules; hence, in an action for unjust discrimination, such rules are admissible.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 21–24; Dec. Dig. ⊜13.]

3. CARRIERS ⊜13—CARRIAGE OF GOODS—DELAY—RULES.

Rule 2 of the Railroad Commission declares that railroad companies shall promptly receive and issue bills of lading for car load freight and transport it at a rate of not less than an average of 30 miles per day of 24 hours, inclusive of Sundays and legal holidays. The 2d day of March, Texas Independence Day, is declared a legal holiday by statute (Rev. St. 1911, art. 4606). It fell on Sunday. *Held*, that, as a custom or usage repugnant to the express provisions of a statutory regulation is unavailing, the fact that it was customary to observe the following Monday, when Sunday was a legal holiday, will not, under the rules of the Railroad Commission, excuse the carrier for delay in transporting goods on the Monday following Sunday, March 2d.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 21–24; Dec. Dig. ⊜13.]

4. CARRIERS ⊜13 — CARRIAGE OF GOODS — RAILROAD COMMISSION—RULINGS OF.

Where Sunday, March 2d, was a legal holiday, a reply by the chairman of the Railroad Commission, to an inquiry by a railroad company as to whether the succeeding Monday would be recognized as free time, stating that the tariff merely said Sundays and legal holidays, but that as, when holidays fell on Sunday, it was generally the custom to consider Monday as a holiday, the Commission would recognize Monday as free time, fails to show that the Railroad Commission as such had promulgated a rule recognizing Monday as free time.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 21–24; Dec. Dig. ⊜13.]

Error from District Court, Dallas County; Kenneth Foree, Judge.

Action by the Consumers' Lignite Company against the Houston & Texas Central Railroad Company. There was a judgment for

---

defendant, and plaintiff brings error.  Reversed and remanded.

Etheridge, McCormick & Bromberg and Chas. T. McCormick, all of Dallas, for plaintiff in error.  Baker, Botts, Parker & Garwood, of Houston, and Smith, Robertson & Robertson, of Dallas, for defendant in error.

TALBOT, J.  The plaintiff in error, hereinafter referred to as plaintiff, sued the defendant in error, hereinafter referred to as defendant, to recover damages and a penalty for delay in the transportation of a shipment of freight over the defendant's line of railroad.  The petition alleges, in substance, that the defendant, on the 26th day of February, 1913, accepted at Ferris, Tex., for shipment, a car load of bricks, consigned to the plaintiff at Hoyt, Tex., and that under the contract of shipment the bricks were to be delivered by the defendant to its connecting carrier at Dallas, Tex., a distance of 19.4 miles, from which latter point the car load was to be carried by defendant's connecting carrier to Hoyt; that defendant delayed delivery to its connecting carrier until March 4, 1913, and this delay caused damage to plaintiff, and constituted an unjust discrimination, as defined by article 6670 of the Revised Statutes of 1911, and entitled the plaintiff to the recovery of the penalty provided for in article 6671 of said statutes.  The petition further alleged:

"That there existed in full effect rules and regulations of the Railroad Commission of Texas, regulating, covering, governing, and requiring the interchange of freight from one connecting carrier to another connecting carrier at all points of junction in the state of Texas of all lines of railway being operated therein."

The defendant answered, admitting that the car was received and delivered by it on the dates set forth in plaintiff's petition, but set up by way of avoidance: (1) A certain rule of the Railroad Commission of Texas, known as rule 2, entitled "Reception and Transportation of Car Load Freight," and alleged that it had carried the car with the expedition required by that rule; and (2) that, if any delay had occurred in the delivery of the car, it was due to the fact that the transfer track at Dallas, used in the interchange of freight between it and its connecting carrier, was unduly congested, such congestion being due to the insufficient capacity of the freight yards at Dallas of its connecting carrier, and the delay of its connecting carrier in the interchange of such freight.  The defendant further pleaded that March 2, 1913, was a Sunday, and that March 2, 1913, was also a legal holiday, being Texas Independence Day; that there was a general custom that in such a case as this, when a legal holiday fell on a Sunday, the next day, Monday, would be and was regarded as a holiday.  A jury trial, February 14, 1914, resulted in a verdict and judgment for the defendant, and the plaintiff in due time sued out a writ of error to this court.

[1, 2] There is evidence to the effect that the plaintiff, which was the consignee, in addition to its rights as such consignee, had by assignment all the rights of the consignor, and that the shipment in question was delivered and received as alleged in plaintiff's petition; that the distance from Ferris to Dallas is 19.4 miles; that the shipment was not delivered by the defendant to its connecting carrier at Dallas until about 4 o'clock in the afternoon of March 4, 1913; that March 2, 1913, was Sunday, and was also a legal holiday, being Texas Independence Day; that the banks and post office in Dallas observed March 3, 1913, as a holiday; that the defendant, in the matter of demurrage, has a custom, rule, or order with reference to holidays; that this custom or rule, for which free time can be allowed in demurrage record, is that, with the exception of Decoration Day, all holidays falling on Sunday are observed on Monday.  When Decoration Day falls on Sunday, the preceding Saturday is observed.  The Railroad Commission rule pleaded by the defendant was introduced in evidence, and so much of it as is material here is as follows:

"When car load freight of any character proper for transportation is legally tendered to a railroad company at its customary place of receiving shipments, and correct shipping instructions given, such railroad company shall promptly receive the same and issue bills of lading therefor; the same must be carried forward at a rate of not less than an average of thirty (30) miles per day of twenty-four hours, exclusive of Sundays and legal holidays, computed from 7 o'clock a. m. of the second day following the receipt of shipment.  For failure to so receive and transport such shipments the railroad company at fault shall forfeit and pay to the owner or party injured the sum of fifty (50) cents per car for each day or fraction thereof during which the terms of this rule are not complied with:  Provided, however, that twenty-four hours additional time shall be allowed at each junction or division terminal where it is necessary to rehandle or transfer the car or cars; also, forty-eight (48) hours additional when it is necessary to transfer contents from one car to another."

The court's action in admitting in evidence the foregoing rule of the Railroad Commission is the basis of the plaintiff's first assignment of error.  The proposition advanced is that this rule had no application to the issue of whether or not the delay pleaded and proved constituted unjust discrimination as defined by the statute.

Article 6670 of the statute provides that if any railroad, directly or indirectly, or by any special rate, rebate, etc., shall charge or receive from any person or corporation a greater or less compensation for any service rendered by it than it charges or receives from any other person or corporation for doing like and contemporaneous service, such railroad shall be deemed guilty of unjust discrimination; and subdivisions 1 and 2 of said article read:

(1) "It shall also be an unjust discrimination for any such railroad to make or give any undue or unreasonable preference or advantage to

any particular person, company, firm, corporation or locality, or to subject any particular description of traffic to any undue or unreasonable prejudice, delay or disadvantage in any respect whatsoever."

(2) "Every railroad company which shall fail or refuse, under such regulations as may be prescribed by the Commission, to receive and transport without delay or discrimination the passengers, tonnage and cars, loaded or empty, of any connecting line of railroad, and every railroad which shall, under such regulations as may be prescribed by the Commission, fail or refuse to transport and deliver without delay or discrimination any passengers, tonnage or cars, loaded or empty, destined to any point on or over the line of any connecting line of railroad, shall be deemed guilty of unjust discrimination."

We agree with the view, expressed by counsel for the defendant, to the effect that, if any penalty can be recovered under the petition of plaintiff on account of the alleged delay in the transportation of the shipment in question, it is recoverable under subdivision 2 of article 6670 of the statute. As argued, it seems clear that subdivision 1 of said statute is not applicable, because it is dealing with the general subject of preference or advantage in the ordinary handling by railroads of shipments, while subdivision 2 specifically covers the cause of action set out and relied on herein, namely, the case of a railroad company's duty to transport and deliver shipments destined on the line of a connecting carrier, The case at bar, as shown by our statement of its nature, in the former part of this opinion, is one in which it devolved upon the defendant to transport and deliver the shipment of bricks without delay or discrimination to its connecting carrier at Dallas, and, if it has failed to do so, then a recovery for the penalty sought may be had; but the same must be had under subdivision 2 of the statute, to which we have referred. Subdivision 2 of article 6670 provides, as has been seen, that every railroad which shall, under such regulations as may be prescribed, by the Railroad Commission, fail or refuse to transport and deliver without delay tonnage or cars destined to any point on or over the line of any connecting line of railroad, shall be deemed guilty of unjust discrimination. This provision of the statute clearly contemplated, if it did not require, that the Railroad Commission of the state should prescribe rules and regulations upon the subject to which it relates, and evidently the Commission, to meet this purpose and intent of the statute, promulgated the rule admitted in evidence over the objections of the plaintiff, and of the admission of which it complains in the assignment of error under consideration. We think, therefore, the rule was properly admitted, and the assignment will be overruled.

[3] The second assignment of error is to the effect that the court erred in admitting the testimony of the witness W. Bruce Luna that it was the custom of the Post Office Department at Dallas, Tex., to observe the following Monday as a holiday when a legal holiday falls on the Sunday preceding. The propositions under this assignment are, first, that a statute cannot be varied by proof of local custom or usage; and, second, that the custom of the post office as to the observance of the day in question as a holiday has no tendency to show a custom upon the part of railways in the city of Dallas as to the observance of such day as a holiday. The 2d day of March, among a number of others, is declared by statute of this state to be a holiday—

"on which all the public offices of the state may be closed and shall be treated and considered as Sunday or the Christian Sabbath for all purposes regarding the presenting for payment or acceptance and of protesting for and giving notice of the dishonor of bills of exchange, bank checks and promissory notes placed by the law upon the footing of bills of exchange." Rev. St. 1911, art. 4606.

Rule 2 of the Railroad Commission, referred to in discussing the defendant's first assignment of error, prescribes that railroad companies—

"shall promptly receive and issue bills of lading for car load freight and transport the same at a rate of not less than an average of thirty (30) miles per day of twenty-four hours, exclusive of Sundays and legal holidays."

Neither the statute nor the rule makes any provision for the observance of the following Monday when the holiday falls on Sunday, and the question is: Can the defendant excuse itself for not moving the plaintiff's shipment on Monday, March 3, 1913, and avoid the penalty provided by law for unjust discrimination or delay, by showing a custom in such case not to do so? It is well established that a custom or usage repugnant to the express provisions of a statute is void, and that, whenever there is a conflict between a custom or usage and a statutory regulation, the statutory regulation must control. 12 Cyc. 1054. So, too, if a statute has given a definite meaning to any particular word, no evidence of custom will be admitted to attach any other meaning. 12 Cyc. 1055.

Railway Co. v. McCown, 25 S. W. 435, was a suit to recover damages under our statute for failure of the railway company to deliver a car load of corn upon tender by the owner of the amount of freight charges, as shown by the bill of lading. Among the defenses set up by the company was a custom of railroads in the United States to require the surrender of the bill of lading before the delivery of freight, and that the plaintiff had refused to do this or give an indemnity bond demanded in lieu of such surrender. The court held that the failure of the defendant to comply with article 4258a, Rev. Civ. St., requiring railway companies to deliver freight on tender by the owner of the freight charges, as shown by the bill of lading was not excused by the refusal of the owner to surrender the bill of lading, or to

give an indemnity bond in lieu thereof, and upon the question of custom said:

"It [the custom] cannot deprive one of a legal right without his consent and without compensation; it cannot make contracts for parties; it can in some cases construe the terms used in a contract; but it is not a good custom if it is unreasonable, or contrary to law. The custom contended for cannot be enforced."

Likewise we think it must be held that the custom set up by the defendant in the case at bar to excuse itself *from transporting or delivering the shipment in question to its* connecting carrier at Dallas on Monday, March 3, 1913, cannot be enforced under the statute and regulations of the Railroad Commission as they existed on that day. The observance of that day as a legal holiday was not authorized, as heretofore indicated, by either the statute or a rule or regulation prescribed by the Railroad Commission. In the absence of some provision of the statute or rule of the Commission authorizing the observance of Monday as a legal holiday when the holiday falls on the preceding Sunday, a carrier in this state cannot justify and excuse its failure to transport or deliver a shipment received by it on that day, on the ground that a custom prevailed to recognize and observe that day as a legal holiday. The specific day named by the statute as a holiday cannot be varied by evidence of a custom that some other day was observed as such.

[4] But the defendant contends that the evidence introduced in this case, and of which the plaintiff complains, does not have the effect to vary a statute, or the definition thereof, by proof of a local custom or usage; that it is nothing but the application of the rule or regulation of the Railroad Commission in force with respect to the subject. The contention is based upon a telegram received by the attorneys for the defendant, which was introduced in evidence, from the chairman of the Railroad Commission, in reply to one sent by them, stating that March 2, 1913, fell on Sunday, that the post office and banks in Dallas observed March 3d as holiday, and asking if there was "any ruling of Railroad Commission that in such a case March 3d should be excluded in movement of car load freight under rule 2 as to transportation of car load shipments?" The telegram in question reads as follows:

"Yours 9th. Commission's tariff simply says Sundays and legal holidays, when holidays fall on Sunday the custom being generally to consider Monday as holiday, Commission would recognize Monday as free time.
"[Signed] Allison Mayfield, Chairman."

This telegram fails to show that the Railroad Commission had promulgated a rule or regulation to the effect that, when a holiday falls on Sunday, railway companies were authorized to observe the following Monday as such. It is but the statement of the chairman of the Commission to the effect that if a holiday should fall on Sunday, and there was a custom *generally* to consider Monday as a holiday, the Commission would recognize Monday as such. The telegram does not, therefore, in our opinion, sustain the contention of the defendant, and we think the admission of the evidence of the custom sought to be established by the defendant, over the objection of the plaintiff, was error which requires a reversal of the case. Clearly, rule 2, which was introduced in evidence, does not, expressly or by implication, authorize the observance of Monday as a holiday when a holiday falls on the Sunday preceding, and the mere statement, made by the chairman of the Commission in the telegram referred to, would not warrant this court in holding that such was the effect of the rule. Furthermore, we think it may be gravely doubted that under the custom shown by the evidence in this case the Railroad Commission would "recognize as free time" Monday, March 3, 1913. The custom was not shown to be general. The extent of the evidence is that the post office and the banks in Dallas and the defendant observed Monday as a legal holiday when a holiday fell on Sunday. There is absolutely no evidence, so far as we have been able to discover, showing that such was the custom of any other railroad in or out of Texas, and it may be doubted, from the character of the evidence introduced on the subject, that it was the custom of the defendant to observe Monday as a holiday when a holiday fell on the preceding Sunday, in so far as the movement and delivery of car load shipments were concerned. To prove that such was the custom of defendant, H. J. Fitzgerald was introduced, and he testified that the defendant *in the matter of demurrage has a custom, rule or order with reference to holidays.* He further said:

"The rule in effect in March, 1913, as to *free time* that the Houston & Texas Central Railroad Company *would allow its patrons,* is as follows:

" 'Houston & Texas Central Railroad Company.
" 'Circular No. 913. All Agents:

" 'For your information and guidance I quote you below legal holidays in Texas for which free time can be allowed in demurrage record:
" 'March Second. Texas Independence Day.
" 'May Thirtieth. Decoration Day.'

"With the exception of Decoration Day, all holidays falling on Sunday are observed on Monday. When Decoration Day falls on Sunday, the preceding Saturday is observed. Those are the rules we have been following since 1909."

All the evidence admitted on the question of custom should have been excluded, and because of its improper admission, and hurtful effect upon the rights of the plaintiff, the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.